Geo. G. Fetter Printing Co. v. Courier-Journal Job  Printing Co.

CASE 50—INJUNCTION—OCTOBER 1.

# Geo. G. Fetter Printing Co. v. Courier-Journal Job Printing Co.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

PUBLIC PRINTING—EXPIRATION OF CONTRACT—UNFINISHED WORK.—
The appellee, which held the contract for public printing of the
first class for the two years ending January 6, 1896, had the
right to complete at contract prices all work of the first class
which had been begun in good faith before that date without any
liability to account to its successor, the appellant, for profits
earned on such work.

BULLITT & SHEILD FOR THE APPELLANT.

1. The relation of the public printer to the State is that of an officer
with a fixed term. At the expiration of his term his powers
cease. All manuscript in the printer's hands remained the State's
property and the printer was a mere bailee. Schouler on Bail-
ments, sec. 81 and following; same, sec. 119; Wheatly v. City of
Covington, 11 Bush, 18; Williams v. City of Newport, 12 Bush,
438; Gundlach v. Fisher, 59 Ill., 172; Ky. Stats., secs. 3957, 3955,
3978, 3953; Clark on Contracts, p. 747; Donby v. Coutts, 29 Ch.
Div., 500; 1 Am. & Eng. Enc. of Law. (2d Ed.), 1229; Sutherland
on Statutory Construction, sec. 215.

2. The successor of the appellee had a right to maintain an action
against the appellee upon the order executed by the printing
board directing it to turn over the manuscripts and paper. Mc-
Dowell v. Hall, 2 Bibb, 610; Story on Bailments, secs. 95, 96, 283
and 414; Schouler on Bailments, secs. 117, 119; Franklin, Admr.,
&c. v. Hart, 7 J. J. M., 338; Shelley v. McCullough, 97 Ky., 164.

CARROLL & CARROLL FOR APPELLEE.

1. The plaintiff had no right to bring the suit. The relation was
a contractual one. Sutherland on Statutory Construction, sec.
472; Davis v. Gray, 16 Wallace, 203; Ky. Stats., secs. 3959, 3973,
3985, 3988; 89 N. Y., 566; 4 Barb., 614; Jones v. Walker, 13 B.

Geo. G. Fetter Printing Co. v. Courier-Journal Job Printing Co.

M., 163; Majors v. Hickman, 2 Bibb, 217; Marshall v. Craig, 1 Bibb, 379-386; Civil Code, Title 8, chap. 2; Williams v. Newport, 12 Bush, 438.

D. W. LINDSEY, ALSO FOR APPELLEE.

It was the purpose of the act of 1893 under which the appellee contracted to change to the contract system. After that act became operative the relation between the public printer and the State was a contractual one. From the terms of that contract it follows: (1) That the Courier-Journal Company had the right to finish incomplete work; and (2) if not, that the Fetter Company could not complain. Cont., sec. 36; act, June 20, 1893 (act concerning classifying and letting public printing).

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

The appellant, the Geo. G. Fetter Printing Company, brought this action in the Jefferson Circuit Court, seeking an injunction restraining appellee, the Courier-Journal Job Printing Company, from completing certain work for the State of Kentucky under a contract made with the State commissioners of printing in 1893, to begin first Monday in January, 1894, and to continue two years, said term having expired; also an injunction commanding appellee to turn over and deliver to appellant certain unfinished work, not then completed by appellee under the contract; and also asked judgment against appellee for $3,000 in damages on account of profits that appellant would necessarily have made on the work under the contract with the State; also an injunction is sought against S. H. Stone, Auditor of Public Accounts, to prevent said officer from issuing to appellee his warrant in payment for said work, if completed by appellee. There is filed with the petition an order as follows: "Frankfort, Ky., January 10, '96. To the Courier-Journal Job Printing Company, Louisville, Ky.—Gentlemen: You will

turn over to the Geo. G. Fetter Printing Company all orders for printing of the first class on which work had not been begun January 6, 1896, and all unfinished work of the same class on hand at said date; your contract with the Commonwealth of Ky. having expired, and the contract of the Geo. G. Fetter Printing Company having come into force on that day. By order of the Board of Public Printing. Respectfully, Geo. W. Long, Secretary." The petition alleges that the appellee had contracted with the Board of Public Printing, and that its contract had expired January 6, 1896, and that appellant had contracted with the board for the public printing of the first class for two years, beginning January 6, 1896; and it is alleged that notwithstanding the order of the Board of Public Printing as above stated, and of the expiration of appellee's contract and the beginning of appellant's contract, appellee had failed and refused to turn over to appellant certain work then unfinished and orders for work not begun. A demurrer by appellee to the petition was overruled, and answer was filed and proof was taken. After the proof was taken appellant filed an amended petition, and sought to recover damages of appellee in the sum of $5,282.77, with interest from that day, this being the amount of profit appellant claims it would have made on the work under the contract it had with the State. The injunction seems to have been abandoned, or, at least, not pressed. The court, on final hearing, dismissed the petition of appellant, and hence this appeal.

The law governing the public printing of the State is found in sections 3942 to 3990, both inclusive, of Ky. Stats., and the sections applicable here are:

"Sec. 3955. The printing, paper, stationery and supplies necessary for the use of the State printing and binding

**384** KENTUCKY REPORTS. [Vol. 104.

Geo. G. Fetter Printing Co. v. Courier-Journal Job Printing Co.

specified in the first class, shall be furnished and paid for
by the State, and the Commissioners of Public Printing of
the State shall upon the requisition of the contractor from
time to time, as the same may be needed, deliver over to
the contractor suitable paper, stationery and supplies for
the printing and binding which is required by his con-
tract to do. The commissioners shall take and preserve
from such contractor a receipt for all paper, and sup-
plies so delivered; and at the annual settlement on the
first Monday in January, the contractor shall deliver to
the Commissioners of Public Printing all paper and sup-
plies so furnished by them, which has not been used in
the State printing and binding; and if any such paper
or supplies has been wasted or converted to any other
use, the contractor to whom the same has been delivered
shall be charged with the value thereof, together with
penalty of fifty per cent. and the amount shall be deducted
from his account."

"Sec. 3987. The Secretary of State shall furnish a cor-
rect copy of the laws to the Printer thereof, and the clerks
of the respective branches of the General Assembly shall
each furnish to the Printer, who is bound by his contract
to print the same, copies of the journals, bills, reports and
other papers, documents and resolutions, without unnec-
essary delay."

"Sec. 3988. The contractor for the printing and binding
of the first class shall promptly and without delay, ex-
ecute all orders of the General Assembly, or either branch
thereof, for the printing of all bills, resolutions and other
matter; and all contractors under the provisions of this
act shall promptly and without unnecessary delay, ex-
ecute all orders to them issued by the General Assembly

or either branch thereof, or the executive officers of the State."

"Sec. 3978.   *   *   *   Nor shall any composition, on any pretext whatever, be paid for a second time upon any report, document or publication, unless the work shall have been actually done, and only when unavoidable necessity compels its resetting."

It is shown in the proof that on January 6, 1896, the day the contract of appellant begun and the day the contract of appellee expired, appellee had on hand, unfinished, a report of the Auditor, Railroad Commissioners, Superintendent of Public Instruction, and volume 96 of Kentucky Reports, in various states of progress, in some a comparatively few pages in type and in others partly printed; that after this action was brought the State Board of Public Printers permitted the appellee to complete all of this work, and accepted same from appellee, and paid for it under the contract with appellee. By section 3957, it is provided that the contract for public printing shall be let biennially, and for the period of two years, beginning the first Monday in January. The pleadings show that appellee contracted for the printing of the first class for two years, beginning first Monday in January, 1894, and ending first Monday in January, 1896. The General Assembly of the State met on Tuesday after the first Monday in January, and by section 155, Ky. Stats., it is provided that the report of the Auditor shall be presented to the Legislature on or before the sixth day of its session. By section 4389, Ky. Stats., it is provided that the report of the Superintendent of Public Instruction shall be made on or before the meeting of the Legislature. By section 834 it is pro-

**386**       KENTUCKY REPORTS.       [Vol. 104.

Geo. G. Fetter Printing Co. v. Courier-Journal Job Printing Co.

vided that the report of the Railroad Commissioners shall be printed and laid before the Legislature within the first ten days of its session. Section 3814 provides that the report of the penitentiary shall be printed for the Legislature. In view of these statutes, and the fact that the Legislature convened so soon after the expiration of one and the beginning of the other contract, it is perfectly apparent that it was in contemplation of the bidder in making the contract, and the board in awarding the contract to appellee understood, that all of this class of work would be done by appellee under its contract. By the proof it is shown that the executive officers delayed the work by not furnishing the manuscript earlier, and that as soon as the manuscript came to hand the work was begun in good faith by appellee, and we are of opinion that appellee had a right, under its contract, to do this work, and to complete same after it had actually begun it in *good faith*. It is clear, by section 3978 quoted, that the State was not authorized to pay for resetting the matter in type that had been set in type by appellee at the expiration of its contract. In order that the State could not be called upon to pay for double composition, it was necessary, and a reasonable construction of the contract, and the law under which it was made, that appellee be allowed to complete its work on hand actually begun in *good faith*, but yet unfinished. It would thus follow that appellant could not recover.

We do not agree with counsel for appellant that the parties stood in the relation of an officer of the State—Public Printer—but that the relation was one of contract. By section 3985, Ky. Stats., the office of Public Printer expired the first Monday in January, 1894, the day the con-

tract of appellee begun. The rights of the parties are fixed by the contract and the law in force at the time of its execution. This view of the case renders it unnecessary for us to consider the other question presented by counsel and in the record. We perceive no error in the judgment, and the same is affirmed.